48 F.3d 1236
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Masihur RAHMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3528
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1995.
 
 63 M.S.P.R. 219.
 AFFIRMED.
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Masihur Rahman petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC0831930610-I-1, sustaining the Office of Personnel Management's decision denying his request to increase his monthly annuity retirement benefits. Because the board did not act contrary to law in determining that Rahman was not entitled under the applicable statutes to an increased retirement annuity, we affirm.
 
 DISCUSSION
 
 2
 On May 28, 1993, the Office of Personnel Management (OPM) issued a reconsideration decision that denied Rahman an increase in his monthly retirement annuity. Rahman appealed to the Merit Systems Protection Board. In an initial decision, an administrative judge (AJ) sustained OPM's reconsideration decision. On review of the AJ's initial decision, the board affirmed, holding that the AJ correctly found that Rahman was not entitled to an increased annuity under the Civil Service Retirement System pursuant to minimum annuity provisions provided in the Act of April 26, 1974, Pub.L. No. 93-273, 88 Stat. 93 (codified at 5 U.S.C. Sec. 8345(f) (1982)). In particular, the board found that Rahman retired after February 27, 1986, the effective date of Congress's repeal of the minimum annuity provision of 5 U.S.C. Sec. 8345(f). See Federal Employees Benefits Improvement Act of 1986 Sec. 305, Pub.L. No. 99-251, 100 Stat. 14, 26-27. Moreover, the board denied Rahman's request for an increased annuity based on equitable grounds because no law or regulation afforded OPM the discretion to award Rahman the benefits he sought. Rahman now petitions this court for review.
 
 
 3
 On appeal, Rahman argues that the board, by denying him an increased annuity, violated his basic human right to a minimum cost of living. He further asserts that the board failed to consider humanitarian grounds for increasing his annuity. He points out that even though he retired after February 27, 1986, he was eligible to retire in 1984. Therefore, he requests this court to award him the minimum annuity benefits he would have been entitled to prior to the Federal Employees Benefits Improvement Act of 1986.
 
 
 4
 Our review is limited by statute. We may reverse the board's decision not to increase Rahman's annuity only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Although Rahman argues that he could have retired prior to February 27, 1986, he does not contest the board's finding taht he retired after Congress repealed the minimum annuity benefits provision. As of February 27, 1986, OPM no longer had the authority to award Rahman minimum annuity benefits pursuant to 5 U.S.C. Sec. 8345(f). OPM's ability to award an annuity is governed by statute and, as such, OPM may not award retirement benefits contrary to statutory requirements. See Killip v. Office of Personnel Management, 991 F.2d 1564 (Fed.Cir.1993). Humanitarian grounds do not override specific statutory provisions. We therefore cannot say that the board's affirmance of OPM's decision was improper, and we cannot order monetary recovery beyond that which the statute authorizes. See Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990) (judicial use of equity cannot grant a respondent money from the Treasury that Congress has not authorized).